# IN THE UNITED STATES BANKRUPTCY COURT
# FOR DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | Chapter 7 |
| **ART VAN FURNITURE, LLC,** *et al.*, | Case No. 20-10553 (CSS) |
| Debtors. | (Jointly Administered) |
| | Adversary Proceeding No 21-50241 (CSS) |
| **PNC BANK, NATIONAL ASSOCIATION, and PNC MERCHANT SERVICES COMPANY,** | |
| Plaintiffs, | |
| v. | |
| **ART VAN FURNITURE, LLC,** *et al.***; ALFRED T. GIULIANO, as Chapter 7 Trustee; LEVIN FURNITURE, LLC, and LEVIN TRUCKING, LLC,** | |
| Defendants. | |

## ANWER OF LEVIN FURNITURE LLC
## AND LEVIN TRUCKING, LLC TO COMPLAINT

Levin Furniture, LLC and Levin Trucking, LLC (collectively "Levin" or the "Defendants") by its counsel, Platzer, Swergold, Goldberg, Katz & Jaslow, LLP and The Rosner Law Group LLC as and for its answer and response to the Adversary Complaint filed against Levin by PNC Bank, National Association and PNC Merchant Services Company (the "PNC" or "Plaintiffs') pursuant to Rules 7001 and 9014 of the Federal Rules of Bankruptcy Procedure and § 105 of the Bankruptcy Code, in which Complaint PNC seeks a determination that (1) PNC is entitled to file a claim against the "Customer Claim Advance Fund" as that term is defined below, (2) PNC's claim is entitled to the same priority as a "Program Eligible Customer" and is allowed to the extent that PNC funded

the chargebacks of Program Eligible Customers entitled to file claims against the Customer Claim Advance Fund, and (3) PNC's claim is timely (the "Complaint"). As and for Levin's answer, Levin respectfully hereby states and alleges as follows:

## INTRODUCTION

1. Levin admits the allegations set forth in paragraph 1 of the Complaint.

2. Levin admits the allegations set forth in paragraph 2 of the Complaint.

3. Levin admits the allegations set forth in paragraph 3 of the Complaint.

4. Levin admits the allegations set forth in paragraph 4 of the Complaint.

## ADDITIONAL PARTIES

5. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 5 of the Complaint and therefore denies same.

6. Levin admits the allegations set forth in paragraph 6 of the Complaint.

7. Levin admits the allegations set forth in paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Paragraph 8 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, Levin denies the allegations contained therein.

9. Paragraph 9 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, Levin denies the allegations contained therein.

10. Paragraph 10 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, Levin denies the allegations contained therein.

## RESPONSE TO THE FACTUAL ALLEGATIONS

11. Levin admits that the Trustee filed a motion on May 18, 2020 seeking certain relief for which Levin was a party in interest, but denies the summary characterization of that relief by PNC as set forth in paragraph 11 of the Complaint and respectfully refers the Court to the sale motion for its true meaning and import.

12. Levin admits the allegations set forth in paragraph 12 of the Complaint.

13. Levin admits that the Sale Order granted Levin certain relief but, denies the summary characterization of that relief as recited by PNC as set forth in paragraph 13 of the Complaint and respectfully refers the Court to the Sale Order for its true meaning and import.

14. Levin admits that the Trustee filed a sale motion but denies the summary characterization of that sale motion by PNC as set forth in paragraph 14 of the Complaint and respectfully refers the Court to the Sale Motion for its true meaning and import.

15. Levin admits that the Trustee and Levin entered into an Asset Purchase Agreement (the "APA") but denies the summary characterization of that APA as set forth in paragraph 15 of the Complaint and respectfully refers the Court to the APA for its true meaning and import.

16. Levin admits the allegations set forth in paragraph 16 of the Complaint.

17. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint and therefore denies same and respectfully refers the Court to the September Operating Report for its true meaning and import.

18. Levin admits the allegations set forth in paragraph 18 of the Complaint.

19. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint and therefore denies same and respectfully refers the Court to the October Operating Report for its true meaning and import.

20. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint and therefore denies same.

21. Levin denies the allegations contained in paragraph 21 of the Complaint.

22. Levin denies the allegations contained in paragraph 22 of the Complaint.

23. Levin denies the allegations contained in paragraph 23 of the Complaint.

24. Levin denies the allegations contained in paragraph 24 of the Complaint and refers the Court to the APA for its true meaning and import.

25. Levin denies the allegations contained in paragraph 25 of the Complaint.

26. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint and therefore denies same and refers the Court to the Merchant Services Agreement for its true meaning and import

27. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint and therefore denies same and refers the Court to the Merchant Services Agreement for its true meaning and import.

28. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint and therefore denies same and refers the Court to the Merchant Services Agreement for its true meaning and import.

29. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint and therefore denies same and refers the Court to the Merchant Services Agreement for its true meaning and import.

30. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint and therefore denies same and refers the Court to the Merchant Services Agreement for its true meaning and import.

31. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint and therefore denies same and refers the Court to the Merchant Services Agreement for its true meaning and import.

32. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint and therefore denies same and refers the Court to the Merchant Services Agreement for its true meaning and import.

33. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint and therefore denies same and refers the Court to the Merchant Services Agreement for its true meaning and import.

34. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint and therefore denies same and refers the Court to the Merchant Services Agreement for its true meaning and import.

35. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint and therefore denies same and refers the Court to the Merchant Services Agreement for its true meaning and import.

36. Levin denies the allegations contained in paragraph 36 of the Complaint.

37. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint and therefore denies same.

### RESPONSE TO COUNT I OF THE COMPLAINT

38. As and for its response to paragraph 38 of the Complaint, Levin repeats, re-alleges and incorporates, as if fully set forth herein, its responses to each of the proceeding paragraphs of the Complaint set forth above.

39. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Complaint and therefore denies same.

40. Levin denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Complaint and therefore denies same.

41. Levin denies the allegations contained in paragraph 41 of the Complaint.

42. Levin denies the allegations contained in paragraph 42 of the Complaint.

43. Levin denies the allegations contained in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, Levin does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45. The Complaint fails to state a claim for relief against Levin.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46. The Complaint fails to state a cause of action against Levin.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

47. PNC is not entitled to assert the priority claims of its customers.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

48. The APA and Sale Order bar recovery by PNC against Levin.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49. The Customer Claim Advance Fund is not property of the Debtor's estate.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

50. Levin holds a first priority senior lien, claim and encumbrance in the Customer Claim Advance Fund.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51. PNC is barred by applicable statute of limitations to assert a claim against the Customer Claim Advance Fund.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

52. PNC is time barred from asserting any claims against the Customer Claim Advance Fund.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

53. PNC is not entitled to the relief requested based upon the principals of waiver and estoppel.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

54. PNC's claim for damages arises from the contract between PNC and its customers.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

55. The existence of a contract between PNC and its customers precludes PNC from seeking recovery under a theory of unjust enrichment or quantum meruit.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

56. PNC's claims are barred by the theory of *res judicata*.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

57. PNC's claims are barred by the theory of collateral estoppel.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

58. The chargebacks for which PNC asserts an entitlement to reimbursement from the Customer Claim Advance Fund significantly arose prior to the date of entry of the Order Approving the APA with Levin. Accordingly, assuming PNC was entitled to assert a claim against the Customer Claim Advance Fund, which Levin denies, PNC is not entitled to assert amounts as set forth in the Complaint.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

59. PNC lacks standing to assert the claims as set forth in the Complaint against Levin, the Debtor's estate or the Customer Advance Fund.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

60. PNC has no right of subrogation with respect to consumer claims which may have been paid by PNC, and does not have the right to assert a priority claim which may have been granted to consumers by applicable provisions of the United States Bankruptcy Code.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

61. PNC is not entitled to the relief requested in the Complaint under the theory that it will be unjustly enriched.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

62. Levin is not bound by PNC's Merchant Service Agreement and the Customer Advance Fund is not subject to the claims of PNC under the PNC Merchant Service Agreement.

## RESERVATION OF CLAIMS AND DEFENSES

63. Levin reserves the right to assert other claims and/or defenses as may be available, or which may become available, during the course of this proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Levin respectfully requests that the Court grant it the following relief:

1. Denying PNC a declaratory judgment as requested in its Complaint;

2. Denying PNC the right to assert a claim against Levine or the Customer Claim Advance Fund; and

3. Granting Levin such other relief as may be necessary and appropriate.

## DEMAND FOR JURY TRIAL

Levin hereby demands a jury trial on all issues so triable.

[*Remainder of Page Intentionally Left Blank*]

Dated: December 12, 2021
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Jason A. Gibson*
Jason A. Gibson (DE #6091)
824 N. Market Street, Suite 810
Wilmington, DE 19801
(302) 777-1111
gibson@teamrosner.com

-and-

**PLATZER, SWERGOLD, GOLDBERG, KATZ & JASLOW, LLP**
Clifford A. Katz, Esq.
475 Park Avenue, South
New York, New York 10016
212 593-3000
ckatz@platzerlaw.com

*Counsel for the Levin*