# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC., *et al.*,[1]<br><br>                Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br>Jointly Administered |
| PNC BANK, NATIONAL ASSOCIATION, and, PNC MERCHANT SERVICES COMPANY,<br><br>                Plaintiffs,<br><br>v.<br><br>ART VAN FURNITURE, LLC, et al., ALFRED T. GIULIANO, as Chapter 7 Trustee; LEVIN FURNITURE, LLC and LEVIN TRUCKING, LLC<br><br>                Defendants. | Adv. Pro. No. 21-50241 (CSS) |

## CHAPTER 7 TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors", the Trustee and Debtors, the "Defendants") files this answer (the "Answer") to the Complaint [D.I. 1] (the "Complaint") filed in the above-referenced adversary proceeding (the "Adversary Proceeding") by PNC.[2] Allegations in the Complaint not expressly admitted are denied; including, but not limited to, allegations contained in the headings used in the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

[2] Capitalized terms not otherwise defined herein shall have their meaning as set forth in the Complaint.

Complaint.  Any averment of Defendants that they lack knowledge or information sufficient to form a belief about the truth of an allegation shall have the effect of a denial.

*In compliance with Federal Rule of Bankruptcy Procedure 7012(b), Defendants state that they consent to the entry of final orders or judgment by the bankruptcy court in this adversary proceeding.*

## INTRODUCTION

1. Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

## ADDITIONAL PARTIES

5. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 5; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 5.

6. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 6; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 6.

7. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 7; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 7.

## JURISDICTION AND VENUE

8. Paragraph 8 states a conclusion of law as to which no response is required.

9. Paragraph 9 states a conclusion of law as to which no response is required.

10. Paragraph 10 states a conclusion of law as to which no response is required.

## CREATION OF THE CUSTOMER CLAIMS ADVANCE FUND

11. Defendants admit the Trustee filed the Levin Sale Motion [D.I. 511] and deny the remaining allegations contained in paragraph 11 of the Complaint and refer the Court to such document for the true and correct contents thereof.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit the Sale Order established the Customer Claim Advance Fund and deny the remaining allegations contained in paragraph 13 of the Complaint and refer the Court to the Sale Order for the true and correct terms thereof.

14. Defendants admit that PNC repeated a portion of paragraph 17 of the Levin Sale Motion and refer the Court to the Levin Sale Motion for the true and correct terms thereof.

15. Defendants admit that the APA describes the Customer Claim Advance Fund and PNC has repeated language from Section 6.13 of the APA, and refer the Court to the APA for the true and correct terms thereof.

16. The Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. The Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. The Defendants admit the allegations contained in paragraph 18 of the Complaint.

19. The Defendants admit the allegations contained in paragraph 19 of the Complaint.

20. The Defendants admit the allegations contained in paragraph 20 of the Complaint.

21. The Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. The Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 23; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 23.

24. The Defendants admit the Debtors' estates are entitled to the Estate Recovery and deny the remaining allegations contained in paragraph 24 of the Complaint and refer the Court to the APA for the true and correct terms thereof.

25. The Defendants deny the allegations contained in paragraph 25 of the Complaint.

**PNC MADE THE MAJORITY OF THE BENEFICIARY CUSTOMERS WHOLE**

26. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 26; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 26 and refer the Court to the Merchant Services Agreement for the true and correct terms thereof.

27. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 27; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 27 and refer the Court to the Merchant Services Agreement for the true and correct terms thereof.

DOCS_DE:237339.2

28. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 28; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 28 refers the Court to the Merchant Services Agreement for the true and correct terms thereof.

29. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 29; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 29 and refer the Court to the Merchant Services Agreement for the true and correct terms thereof.

30. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 30; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 30 refers the Court to the Merchant Services Agreement for the true and correct terms thereof.

31. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 31; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 31 and refer the Court to the Merchant Services Agreement for the true and correct terms thereof.

32. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 32; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 32 and refer the Court to the Merchant Services Agreement for the true and correct terms thereof.

33. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 33; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 33 and refer the Court to the Merchant Services Agreement for the true

DOCS_DE:237339.2

and correct terms thereof.

34. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 34; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 34 and refer the Court to the Merchant Services Agreement for the true and correct terms thereof.

35. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 35; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 35 and refer the Court to the Merchant Services Agreement for the true and correct terms thereof.

36. Defendants deny the allegations in paragraph 36.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37. To the extent a response is required, Defendants deny the allegations of paragraph 37.

**COUNT I – DECLARATION THAT PNC IS ENTITLED TO FILE CLAIMS AGAINST THE CUSTOMER ADVANCE FUND AND THAT SUCH CLAIMS SHALL BE DEEMED ALLOWED AND TIMELY**

38. Defendants repeat and restate their responses to paragraphs 1-37 as if fully set forth herein.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 39. To the extent a response is required, Defendants deny the allegations of paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 40. To the extent a response is required, Defendants deny the allegations of paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41. To the extent a response is required, Defendants deny the allegations of paragraph 41.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 42. To the extent a response is required, Defendants deny the allegations of paragraph 42.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43. To the extent a response is required, Defendants deny the allegations of paragraph 43.

44. Paragraph 44 states a conclusion of law as to which no response is required.

## **AFFIRMATIVE DEFENSES**

Without changing the burden of proof or persuasion,[3] Defendants allege the following specific and affirmative defenses to the causes of action alleged by PNC in the Complaint. By designating the following defenses, Defendants do not admit any of the allegations in PNC's claims or waive or limit any defenses which are or may be raised by its denials, allegations and averments set forth herein. Defendants have insufficient knowledge or information upon which they can form a belief as to whether they may have additional, as-yet unknown and unstated, affirmative defenses. Defendants reserve the right to amend their answer to assert such additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are appropriate.

a. The Complaint fails to state a claim upon which relief could be granted.

---

[3] To the extent any specific or affirmative defense is, in fact, an element of the Plaintiff's prima facie case, the listing of these defenses is not intended to alter the burdens of proof or persuasion which remain upon the Plaintiff.

b. The Complaint and each and every claim alleged in the Complaint is barred, in whole or in part, by the business judgment rule because actions taken by Defendants reflect an appropriate exercise of business judgment and were undertaken in good faith.

c. The Complaint and each and every claim alleged therein is barred, in whole or in part, by the doctrine of unclean hands.

d. The Complaint and each and every claim therein is barred, in whole or in part, by a valid release.

e. Defendants' liability, if any, to PNC must be assessed in proportion to the liability of the other defendants and third persons, and Defendants may only be required to pay their proportionate share of fault.

f. Plaintiff's Complaint and each and every claim in the Complaint is barred by the doctrine of accord and satisfaction.

WHEREFORE, Defendants pray that the Complaint be dismissed with prejudice and or that judgment be entered in Defendants' favor on all claims and that Defendants be awarded their costs, attorney's fees, and such other relief as the Court deems just and proper.

Dated:  December 15, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*

Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:     bsandler@pszjlaw.com
           crobinson@pszjlaw.com
           pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*