# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 7 |
| START MAN FURNITURE, *et al.,* [1] | Case No. 20-10553-CTG |
| Debtor. | |
| PNC Bank, National Association, and PNC Merchant Services Company, | Adv. Pro. No. 21-50241-CTG |
| | Related to Doc. No. 29 |
| Plaintiffs, | |
| v. | |
| Start Man Furniture LLC, et al., | |
| Defendants. | |

## SCHEDULING/PRETRIAL ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to the above-captioned adversary proceeding.

**IT IS HEREBY ORDERED** that:

1. The discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026, shall be deemed to have taken place; provided,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (9205); SVF Holding Company, Inc. (0291); SVCE, LLC (2509); StartVF Holdings I, LLC (2537); StartVF Holdings II, LLC (7472); SVF Parent, LLC (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (9491); SV Sleep Franchising, LLC (8968); SVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

however, that the parties each reserve their rights regarding issues concerning electronic discovery.

2. The parties having previously completed mediation, the above-captioned adversary proceeding is not assigned to mediation pursuant to Local Rule 9019-5.

3. The deadline for Alfred T. Guiliano, Chapter 7 Trustee in the above captioned matters to respond to Plaintiffs' *Motion for Allowance and Payment of Chapter 11 Administrative Expense Claim* [Case No. 20-10553, Docket No. 1189] (the "Motion") shall be October 31, 2022 (the "Response Deadline") so the Plaintiffs and Trustee may continue to attempt to resolve the Motion.

4. The parties shall provide the initial disclosures under Fed. R. Civ. P. 26(a)(1) no later than thirty-five (35) days after the Response Deadline. Any extension of the deadline to provide initial disclosures may be made by agreement of the parties or by Order of the Court for good cause shown.

5. All fact discovery shall be completed no later than one hundred fifty (150) days after the Response Deadline.

6. Any expert report required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) shall be served by the respective party offering such expert report no later than one hundred seventy-five (175) days after the Response Deadline. Any party's expert report intended to rebut any other expert report, including any other expert reports that may be filed earlier than the deadlines established in this subparagraph, shall be provided no later than sixty (60) days after the report being rebutted, provided, however, that in no event shall the sixty (60)

day period start prior to one hundred twenty (120) days after the Response Deadline. All reports shall provide the information required by Fed.R.Civ.P. 26(a)(2)(B). All expert discovery shall be completed no later than two hundred seventy (270) days after the Response Deadline.

7. All dispositive motions shall be filed and served by not later than thirty-five (35) days after the close of all discovery and shall be subject to Rule 7007-1 of the Local Rules.

8. As soon as is feasible after the close of all discovery, the Plaintiffs shall contact the Court to schedule a final pretrial conference in accordance with Local Rule 7016-2(a).

9. The Plaintiffs shall immediately notify Chambers upon the settlement, dismissal, or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiffs shall file a status report sixty (60) days after the date of this Scheduling Order, each sixty (60) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiffs shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiffs believes may suggest or necessitate the adjournment or other modification of the trial setting.

10. Deadlines contained in this Scheduling Order may be extended by written agreement of the parties or upon written motion or stipulation for cause shown.

11. The Plaintiffs shall serve this Scheduling Order on the Defendant in the above-captioned adversary proceedings within five (5) business days after the entry of this Order.

**Dated: September 26th, 2022**  **CRAIG T. GOLDBLATT**
**Wilmington, Delaware**          **UNITED STATES BANKRUPTCY JUDGE**